## MARX v. MITCHELL et.

### Ohio Appeals, 9th Dist., Lorain Co.

### No. 453. Decided Apr. 27, 1928.

**First Publication of This Opinion.**

#### Syllabus by Editorial Staff.

180a. TORRENS LAW—362a. Decedents' Estates— 163. Bona Fide Purchaser—997. Real Estate.

1. Land of deceased person may be sold to pay debts. Right not abrogated by Torrens law, but preserved thereby. Right of creditor must be established by proceedings in Probate Court, where subsequent purchaser may, by appropriate pleadings, present and have determined, his claimed rights.

2. While owner of real estate, who holds certificate, holds his land subject to burdens placed thereon, by law, and preserved by the Torrens act, claims against former owner which were not filed while title was in such former owner, may not be filed against a subsequent bona fide purchaser holding his certificate of title under the Torrens act, which certificate does not show such claim.

### Error to Common Pleas.

Affirmed in part and reversed in part.

Albert M. Spero and Sylvester Marx, Cleveland, for Marx.

D. A. Baird, Pros. Atty., Elyria, Quigley & Byrnes and W. A. Kane, Cleveland, for Mitchell et.

### FULL TEXT.

PER CURIAM:

This case is here on error from the Court of Common Pleas of said county, in which court the case was tried on an agreed statement of facts, as follows:

"That on or about the 19th day of May, 1925, one Lillian M. Marter died, being at the time of her death a resident of Cleveland, Cuyahoga County, Ohio; that at the time of the death of said decedent, she was the owner in fee simple of the real estate described in the petition of the plaintiff herein, subject to the dower interest of her husband, Charles F. Marter, who at said time was also a resident of said city of Cleveland; that on May 25, 1925, being

approximately six days after the death of said decedent, an affidavit dated May 23, 1925, and being Torrens document No. 2828 was filed in the office of the Recorder of Lorain County, Ohio, said instrument being an affidavit of transfer and record of real estate inherited from the said Lillian M. Marter, deceased, to Charles F. Marter and Irene Bailey, and describing and having reference to the said premises; that said Irene Bailey is a daughter of the decedent by a former marriage; that the decedent died intestate leaving Irene Bailey, her daughter and sole heir at law, and Charles F. Marter, her widower; that on May 25, 1925, a quit-claim deed dated May 23, 1925, from said Irene Bailey as grantor to said Charles F. Marter as grantee and conveying the same premises was filed with said Recorder, being Torrens document No. 2829; that on or about June 13, 1925, a deed conveying said premises from said Charles F. Marter, grantor, to Sylvester Marx, grantee, and being Torrens document No. 2851, was filed with said Recorder and thereafter and on or about the 13th day of June, 1925, Torrens certificate No. 2851 was issued by said Recorder to the plaintiff, Sylvester Marx, showing no incumbrances as against the title of said Charles F. Marter or plaintiff; the consideration for said deed being the sum of One Hundred Dollars ($100); that on or about the 23rd day of May, 1925, said Charles F. Marter applied to the Probate Court of Cuyahoga County for Letters of Administration upon the estate of said decedent; that said application was granted and bond fixed, but that said Charles F. Marter has never qualified as such administrator and no Letters of Administration have ever been issued to him or to any other person, upon said estate, and no further proceedings have been had in said Probate Court of Cuyahoga County; that there is due the defendant, Robert K. Huber, from the estate of Lillian M. Marter the sum of One Hundred Fifty Dollars ($150) with interest thereon from the 1st day of July, 1925, being the balance due upon the reasonable charge for funeral expenses, the defendant Huber being engaged in the undertaking business; that the reasonable charge for said funeral expenses of said decedent was the sum of $495.86, and that there has been paid to apply thereon the sum of $345.86.

"That on or about the 2nd day of September, 1926, the defendant Robert K. Huber filed with the Recorder of Lorain County an affidavit of adverse claim setting forth his claim against said estate of Lillian M. Marter, deceased, as aforesaid; that said Recorder recorded said affidavit against the certificate of the plaintiff, Sylvester Marx; that said affidavit is known as document No. 3396; that thereafter the said defendant Huber gave notice in writing as required by law to the plaintiff herein of the filing of said affidavit of adverse claim, and due proof of the giving of said notice was filed as and within the time required by law with the said Recorder; that the plaintiff Sylvester Marx, has complied with the provisions of the General Code of Ohio providing for an appeal from the decision of said Recorder in accepting said affidavit for record, but this is not to be construed as an admission that there are in fact grounds for such an appeal; that plaintiff had no notice or knowledge of the claim of Robert K. Huber nor of the open estate of Lillian M. Marter, deceased, nor the circumstances under which previous owners took title."

Upon the trial in the Common Pleas Court, although Charles F. Marter was not a party to the suit, the court made an order canceling, setting aside and holding for naught the quit-claim deed made to said Charles F. Marter by Irene Bailey, and made a like order in reference to the deed from Charles F. Marter to plaintiff in error, Sylvester Marx, and a like order in reference to the Torrens certificate issued by the recorder to plaintiff in error, Sylvester Marx, and also a like order in reference to the claim filed with the recorder by said Robert K. Huber, and ordered the said recorder to cancel the records of registration of all of said instruments and thereafter follow the provisions of Sec. 8572-42 of the General Code.

We hold that under the provisions of the statutes of Ohio, the land of a deceased person may be sold to pay his debts, by proceedings in the Probate Court, and that as to Torrenized land that right is not abrogated by the Torrens law, but on the contrary is preserved thereby (G. C. Secs. 8572-81 and 8572-42); that the rights of defendant in error, Robert K. Huber must be established in such a proceeding, where the plaintiff in error, Sylvester Marx, may, by appropriate pleadings, present and have determined his claimed rights as a bona fide purchaser for value; that the claim of said Robert K. Huber is against the estate of Lillian M. Marter, the former owner of said land, and not against Sylvester Marx, the registered owner, and is not such a claim as is provided for in G. C. Sec. 8572-68.

By the Torrens law, the holder of a certificate of title takes it subject to the interests, liens, etc., which have been entered upon the registered certificate of title prior to the transfer to him, and his title is subject to properly filed claims against him arising while he is the holder of the certificate; but while his land is subject to burdens placed thereon by law and preserved by the Torrens act, claims against a former owner which were not filed while the title was in such former owner may not be filed against a subsequent bona fide purchaser for value holding a certificate of title under the Torrens act which does not show such claim.

It follows from what has been said that the judgment and order of the Common Pleas Court canceling the quit-claim deed from Irene Bailey to Charles F. Marter, and the deed from Charles F. Marter to plaintiff in error, Sylvester Marx, and the Torrens certificate of title in reference thereto, is contrary to law, and that so much of said decree as canceled the claim of Robert K. Huber was authorized and proper.

An entry may be drawn reversing the judgment and order of the Common Pleas Court in part, and affirming the same in part, as indicated above.

(Washburn, PJ., Funk, J., and Pardee, J. concur.)